ROBERT AND HAZEL JARRELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jarrell v. Commissioner
Docket No. 14682-92
United States Tax Court
T.C. Memo 1994-78; 1994 Tax Ct. Memo LEXIS 79; 67 T.C.M. (CCH) 2246; February 24, 1994, Filed *79 An appropriate order and decision will be entered for respondent. Robert Jarrell, pro se. For respondent, Donna B. Read. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Robert Jarrell
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a) [1]
Sec. 6654
1982
$ 10,375
$ 2,594
$   519
$ 1,010
1983
10,415
2,604
521
637
1984
11,200
2,800
560
704
1985
12,016
3,004
601
689
1986
24,211
6,053
1,211
1,171
1987
11,898
2,975
595
643
1988
12,010
3,003
601
768
1989
12,365
3,091
--
836
1990
10,690
2,673
--
704
Hazel Jarrell Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a) [1]
Sec. 6654
1982
$  7,346
$ 1,837
$ 367
$ 715
1983
7,077
1,769
354
433
1984
6,929
1,732
346
436
1985
7,343
1,836
367
421
1986
19,044
4,761
952
922
1987
6,511
1,628
326
352
1988
6,151
1,538
308
395
1989
6,115
1,529
--
413
1990
3,946
987
--
261
Petitioners *80 failed to report or pay taxes on their income for each of the years in issue. Thus, the issues for decision are: (1) Whether respondent correctly determined the amount of income which petitioners failed to report for each of the years in issue; (2) whether petitioners are liable for the additions to tax for delinquent filing, negligence, and underpayment of estimated tax pursuant to sections 6651(a)(1), 6653(a), and 6654, respectively; and (3) whether petitioners should be required to pay a penalty to the United States under section 6673(a)(1). All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioners, husband and wife, resided in Cleburne, Texas, at the time they filed their petition. Respondent determined petitioners' income for each of the years in issue based on third-party reporting information, except for 1982, 1984, and 1985. For 1982, respondent determined petitioners' income on the basis of the consumer price index; and for 1984 and 1985, respondent determined petitioners' income by using the bank deposits method. Because petitioners *81 were domiciled in a community property State, and since the unreported income was community income, respondent allocated a portion of the unreported income to each spouse. At trial, petitioner husband admitted that he worked during each of the years in issue and that he received compensation for the performance of such work. Petitioners offered no evidence to rebut respondent's determinations as to the amount of income received. Petitioner husband testified that he did not file tax returns for the years in issue because the filing of tax returns and the payment of taxes are voluntary acts and that he did not wish to voluntarily do so. Petitioner wife appeared at trial, but did not testify. Petitioners asserted in their petition that they are entitled to deductions for medical payments, business expenses, and dependents; but they failed to substantiate their entitlement to such deductions. OPINION The first issue for decision is whether petitioners are liable for the deficiencies as determined by respondent. Preliminarily, we note that respondent's determinations are presumptively correct and petitioners bear the burden of proving otherwise. Rule 142(a). Respondent was forced *82 to reconstruct petitioners' income for the years in issue because petitioners did not file returns for such years and did not provide respondent's agents with information as to their income or deductions. At trial, petitioners refused to present any meaningful evidence. Petitioners' silence was of their own choosing; they must suffer the adverse consequences flowing therefrom. Petitioners' tax-protester arguments are devoid of merit and warrant no further discussion. Under the circumstances involved herein, we sustain the deficiencies as determined by respondent. We now turn our attention to the additions to tax determined by respondent. Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Such additions are presumed correct and will be upheld unless the taxpayer presents evidence controverting their applicability. . Petitioners presented no evidence to prove that their failure to file the required tax returns was due to reasonable cause and not due to willful neglect. *83 Therefore, the additions to tax under section 6651(a)(1), as determined by respondent, are sustained. Rule 142(a). Section 6653(a) provides that, if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Petitioners bear the burden of proving that their underpayment was not due to negligence or intentional disregard of rules and regulations. . Petitioners presented no evidence to refute respondent's determination with respect to the additions to tax under section 6653(a); accordingly, respondent's determination in this regard is sustained. Respondent also determined additions to tax under section 6654 for the underestimation of income tax. Where payments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654 is automatic, unless petitioners can show that one of several statutory *84 exceptions applies. Petitioners bear the burden to show qualification for such exception. ; . Petitioners have not sustained this burden. They made no withholding or tax payments during any of the years in issue. Respondent's determination with respect to the addition to tax under section 6654 is, therefore, sustained. Finally, we turn to respondent's request that a penalty of $ 25,000 be awarded to the United States on the grounds that petitioners' position is frivolous and/or because petitioners instituted or maintained this proceeding primarily for purposes of delay. Section 6673(a)(1) provides that a penalty not in excess of $ 25,000 may be awarded "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay [or] the taxpayer's position in such proceeding is frivolous or groundless." Petitioners were given ample opportunity to present evidence to refute respondent's determination. They failed to do so, choosing instead to present *85 protester type arguments. Petitioners' course of conduct convinces us that they instituted the instant proceeding primarily to delay the payment of their taxes. Moreover, the position they took herein is frivolous and groundless. We, therefore, award a penalty to the United States under section 6673(a)(1) in the amount of $ 5,000, each petitioner to pay one-half ($ 2,500) of said $ 5,000 penalty. To reflect the foregoing, An appropriate order and decision will be entered for respondent. Footnotes
1. Plus 50 percent of the interest due on the deficiency.↩
1. Plus 50 percent of the interest due on the deficiency.↩